# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **CORA MARSHALL,** | ) |
| | ) |
| Plaintiff(s), | ) |
| | ) |
| vs. | ) CIVIL ACTION NO.: |
| | ) |
| | ) |
| **CARRABBA'S ITALIAN GRILL,** | ) |
| **LLC, ET AL.** | ) |
| | ) |
| Defendant(s). | ) |

_____

## NOTICE OF REMOVAL
_____

COMES NOW Defendant, Carrabba's Italian Grill, LLC ("Defendant" or "Carrabba's"), and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby removes this action filed by Plaintiff Cora Marshall in the Circuit Court of Madison County, Alabama, to the United States District Court for the Northern District of Alabama, Northeastern Division. In support of this Notice, Carrabba's shows the following:

### A.  PROCEDURAL BACKGROUND

1. This case was commenced by Plaintiff on July 7, 2017, in the Circuit Court of Madison County, Alabama, Case No. 47-CV-2017-901159. The

documents attached as Exhibit "A" constitute all of the process and pleadings served and filed in this action to date, pursuant to 28 U.S.C. § 1446(a).

2. Service of process was issued to Defendant *via* certified mail on July 7, 2017, and Defendant was purportedly served with a copy of the Summons and Complaint on or about July 21, 2017. [See Exhibit "A," documents 5, 6, 7 and 8][1]

3. This Notice of Removal is filed in the United States District Court for the Northern District of Alabama, Northeastern Division, within the district and division embracing the place where the state court case was filed as required by 28 U.S.C. §§ 1332 and 1441(a).

4. This Notice of Removal is filed within the period of time required by 28 U.S.C. § 1446(b).

5. Promptly after the filing of this Notice, Defendant is filing a copy with the Clerk of the Circuit Court of Madison County, Alabama as required by 28 U.S.C. § 1446(d).

## B. DIVERSITY OF THE PARTIES

6. Plaintiff is a resident of the State of Alabama. [Exhibit "A" - Complaint, ¶ 1] Upon information and belief, Plaintiff is domiciled in the State of

---

[1] Although the address for service of process initiated by Plaintiff is incorrect, Defendant waives service of process in filing the Notice of Removal and its Answer.

Alabama and intends to reside and remain in the State of Alabama. [See, Answer, Thirty-First Defense ¶ 1] Thus, Plaintiff is a citizen of the State of Alabama.

7. Carrabba's is a foreign limited liability company organized under the laws of the State of Florida with its principal place of business in the State of Florida. (Exhibit A – Complaint, ¶ 1; See Answer, Thirty-Eighth Defense, ¶ 1 filed contemporaneously herewith)

8. Carrabba's citizenship is determined by the citizenship of its members. Carrabba's sole member is OSI Restaurant Partners, LLC which is a limited liability company. Therefore, its citizenship is also determined by the citizenship of its members. OSI Restaurant Partners, LLC's sole member is OSI HOLDCO, INC., which is a corporation that was formed under the laws of the State of Delaware and has its principal place of business in the State of Florida. Thus, Carrabba's is a citizen of the States of Florida and Delaware, and Carrabba's is not a citizen of the State of Alabama. (See Declaration of Jaclyn Chapman, attached hereto as Exhibit "B")

9. In determining the citizenship of a limited liability company for diversity purposes, this Court is required to look to the citizenship of the company's members. As stated by the 11th Circuit in *Rolling Greens MHP, L.P. v. Comcast Holdings, L.L.C.*, 374 F. 3d 1020 (11th Circuit 2004):

The Supreme Court has settled the law on how the citizenship of a limited partnership is determined for the purposes of diversity jurisdiction. In *Carden v. Arkona Assoc.,* 494 U.S. 185, 195 – 196, 110 S.Ct. 1015, 1021, 108 L.Ed.2d 157 (1990), the Supreme Court held that for purposes of diversity citizenship, a limited partnership is a citizen of each state in which any of its partners, limited or general, are citizens. In reaching this holding, the Court noted the long-standing rule that the citizenship of an artificial, unincorporated entity generally depends on the citizenship of all the members composing the organization. *Carden*, 494 U.S. at 195-96, 110 S.Ct. at 1021. In applying this general rule to a limited partnership, rather than extending to it 28 U.S.C. § 1332(c)(1)'s statutory exception for corporations, it reasoned that Congress, if it so chooses, is capable of adjusting the rules of diversity jurisdiction to account for unincorporated associations. *Carden*, 494 U.S. at 196-97, 110 S.Ct. at 1022.

> This Circuit has not previously addressed the question of how to determine the citizenship of a limited liability company for diversity jurisdiction purposes. We do so now. The federal appellate courts that have answered this question have all answered it the same way: like a limited partnership, a limited liability company is a citizen of any state of which a member of the company is a citizen. We join them in this holding.

*Rolling Greens*, 374 F. 3d. at 1021-22. *See also, Payroll Mgmt. v. Lexington Ins. Co.*, 556 Fed. Appx. 796, 802 (11th Cir. 2014)(Limited Liability Companies . . . are 'citizen(s) of any state of which a member of the company is a citizen.'").

10. The parties identified above constitute all of the non-fictitious parties to this action, and there is complete diversity of citizenship between them, thereby satisfying the citizenship requirements of 28 U.S.C. § 1332.

11. Citizenship of the fictitious defendants should be ignored for the purposes of removal. 28 U.S.C. § 1441(a).

### C. AMOUNT IN CONTROVERSY

12. In order to be removable, there must be at least $75,000.00 in controversy, exclusive of interest and costs. 28 U.S.C. § 1332(a).

13. Plaintiff's Complaint alleges claims of negligence and wantonness against Defendant and demands compensatory and punitive damages. [Exhibit A - Complaint].

14. The Complaint, which seeks compensatory and punitive damages from Defendant, states in part that Plaintiff was caused to suffer physical pain, past mental anguish, future mental anguish, emotional distress, past medical expenses, future medical expenses, one or more surgical procedures, permanent injury, permanent impairment and/or disfigurement, permanent disability, loss of capacity to enjoy life and participate in social and physical activities. [Exhibit "A" - Complaint].

15. Based upon the precedent of *Bush v. Winn Dixie, LLC*, 132 F. Supp. 3d 1317 (N.D. Ala. 2015), Plaintiff's Complaint setting forth claims of negligence and wantonness and damages referenced above establishes the requisite amount in controversy. *Id.* at 1318. See also *Smith v. State Farm & Casualty Co.*, 868 F. Supp. 2d 1333, 1334 (N.D. Ala. 2012) (holding that "plaintiffs . . . who want to pursue claims against diverse parties in a state court seeking unspecified damages of various kinds, such as punitive damages and emotional distress, must in their complaint formally and expressly disclaim any entitlement to more than $74,999.99, and categorically state that plaintiff will not accept more. Otherwise, a plaintiff will find herself in federal court, which is now saddled by Congress with a

new and heavy burden"); *Green v. Wal-Mart Stores East, L.P.*, No. 2:14-cv-1684-WMA, 2014 WL 6792043 (N.D. Ala. Dec. 2, 2014) (holding that "[i]n her complaint, [plaintiff] . . . alleges both that the defendant's negligence caused her to suffer mental anguish and that its wantonness entitled her to punitive damages. Plaintiff conspicuously makes no formal or express disclaimer to damages in excess of $74,999.00. Therefore, under up-to-date Eleventh Circuit jurisprudence it is apparent that the amount in controversy in this case exceeds the sum of $75,000").

16. In *Bush*, this Court granted Plaintiff's Motion to Remand, holding that the defendant failed to timely file its Removal Notice within thirty (30) days of receipt of Plaintiff's Summons and Complaint. *Bush*, 132 F. Supp. 3d 1321-22. Despite the fact the *Bush* Complaint contained no *ad damnum* clause and did not specify the alleged body parts that were purportedly injured as a result of the incident, the Court noted that "the [Eleventh Circuit] … has finally acknowledged the self-evident, namely, that a plaintiff like Bush, who claims to have sustained a very substantial personal injury at the hands of a defendant and who charges that defendant with wantonness and who seeks to recover for pain, suffering, and mental anguish, and seeks punitive damages, is realistically hoping to recover more than $75,000." *Id.* at 1318. The Court went on to state that "[t]his new opening of the federal courts of Alabama to non-resident defendants has taken away the

artificial and unfair obstacle to removal erected by Alabama plaintiffs, namely, the expedient of leaving out an *ad damnum* clause." *Id.* at 1318-19. "This Court has since 2010 reversed course and held that a plaintiff … who wants to stay in her chosen forum must formally acknowledge a $74,999.99 limitation on any recovery." *Id.* at 1319.

17. Plaintiff's Complaint in the case at bar does not expressly disclaim entitlement to more than $74,999.99, nor does Plaintiff's Complaint categorically state that she will not accept more. In short, Plaintiff's Complaint does not formally acknowledge a $74,999.99 limitation on any recovery.

18. *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058 (11th Cir. 2010), is a decision addressing the removal of cases based solely on the face of the Complaint. The *Roe* opinion noted that the decision in *Lowery v. Alabama Power Co.*, 483 F.3d 1184 (11th Cir. 2007), dealt only with cases removed based on the defendant's receipt of an amended pleading or "other paper" which indicated for the first time that the case was removable. It noted that any of the *Lowery* court's commentary as to cases removed under U.S. § 1446(b)(1) was *dicta* as opposed to binding precedent. *Roe*, 613 F.3d at 1061, n3 (*citing Pretka v. Kolter City Plaza, II, Inc.*, 608 F.3d 744, 747 (11th Cir. 2010)). In *Roe*, the Court noted that "It may be 'facially apparent' from the pleading itself that the amount in controversy exceeds the jurisdictional minimum, even when the 'the Complaint does not a claim a

specific amount of damages'" *Id*. at 1061 (*quoting Pretka*, 608 F.3d at 754; (*quoting Miriam Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001)). The Court also noted it made little since to rely solely upon the Complaint's statement concerning damages as doing so would allow skilled plaintiffs' attorneys to effectively "make federal jurisdiction." *Id.* at 1064 (*quoting Pretka*, 608 F.3d at 766). Instead, district judges should use "reasonable deductions, reasonable inferences, or other reasonable extrapolations" in making an independent assessment of the amount of the claim damages based on the pleadings. *Id.* at 1061-2 (*quoting Pretka*, 608 F.3d at 754).

19.     Following *Roe*, district judges in the Northern District of Alabama have held that the amount in controversy threshold is met or a Complaint seeks "unspecified damages of various kinds, such as punitive damages and emotional distress" and does not *disclaim* recovery of $75,000.00 or above. *Smith v. State Farm Fire & Cas. Co.*, 868 F. Supp. 2d. 1333, 1335 (N.D. Ala. 2012); *See also Hogan v. Mason*, 2017 U.S. Dist. LEXIS 55055 (N.D. Ala. April 11, 2017); *Bush v. Winn Dixie Montgomery, LLC*, 132 F. Supp. 1317 (N.D. Ala. 2015); *Seckel v. Travelers Home & Marine Ins. Co.*, 2013 U.S. Dist. LEXIS 11582 (N.D. Ala. Jan. 29, 2013).

20.     Despite the lack of demanding in excess of $75,000.00 in the Complaint, the amount in controversy threshold is met based upon Plaintiff's

written settlement demands, which were made on October 31, 2016 (a true and correct copy of the correspondence is attached hereto as Exhibit "C") and on April 3, 2017 (a true and correct copy of this correspondence is attached hereto as Exhibit "D"). In the removal context, federal law requires "an amended pleading, motion, order or other paper" if jurisdiction is not established by the initial pleadings. 28 U.S.C. § 1446(b). In *Lowery v. Alabama Power Co.*, the Eleventh Circuit Court of Appeals held that the document which indicates federal jurisdiction – "be it the initial complaint or a later received paper – and determines whether that document and the notice of removal unambiguously establish federal jurisdiction." 483 F. 3d. 1184, 1211 (11th Cir. 2007). In particular, the jurisdictional amount may be ascertained from a settlement demand letter, which falls within the "other paper" category of § 1446(b). *Addo v. Globe Life & Accident Ins. Co.*, 230 F.3d 759 (5th Cir. 2000), *cited* by *Lowery,* 483 F.3d at 1213, n.62. *See also Golden Apple Management Co., Inc. v. GEAL Computers, Inc.,* 990 F. Supp. 1364 (M.D. Ala. 1988). Thus, the amount in controversy exceeds the jurisdictional requirement and removal is proper under 28 U.S.C. § 1332 and § 1446. *See Pretka v. Kolter City Plaza, III, Inc.*, 608 F.3d 744, 767 (11th Cir. 2010) ("Section 1446(b) is based on the recognized policy of the federal courts to require, as far as possible, prompt action on the party of those seeking a removal so as to avoid the evils of the delay necessarily attendant upon the change of forum.")(*citation omitted*).

21. Carrabba's denies it is liable to Plaintiff in any amount but does not dispute the amount in controversy exceeds $75,000.00, as evidenced by Plaintiff's Complaint and written settlement demand.

22. Plaintiff's demand letters contain specific descriptions of her claimed injuries, including a total left knee replacement and a second surgical procedure, involving a left knee manipulation under general anesthesia. Plaintiff's counsel's settlement demand letters seek $250,000.00 and note that her medical bills totaled $118,000.00, and that her health insurance entity paid almost $70,000.00 on her behalf for medical care and treatment purportedly relating to the subject accident. The demand letter was accompanied by an itemized billing summary from various healthcare providers along with voluminous medical records that have not currently been attached to this Notice of Removal.[2] In short, Plaintiff's settlement demand letter and supporting documentation is exactly the type of settlement that demand that federal district courts in Alabama have held to be probative of the amount in controversy. See generally *Benandi v. Medicom Southeast, LLC*, 2011 U.S. Dis. LEXIS 125084 (S.D. Ala. October 24, 2011)(Holding that demands are significant in determining the amount in controversy when they include specific information concerning the plaintiff's claim damages); *McCullough v. Plum Creek Timberlands*, 2010 U.S. Dis. LEXIS 23 (M.D. Ala. January 4, 2010); *Jackson v.*

---

[2] Said records will be produced upon request of opposing counsel or this Honorable Court.

*Select Portfolio Service, Inc.*, 651 F. Supp. 2d. 1279 (S.D. Ala. 2009); *Golden Apple Management Co. v. Geac Computers, Inc.*, 990 F. Supp. 1364 (S.D. Ala. 1998).

23. Based upon the above, the amount in controversy exceeds the jurisdictional requirement and removal is proper under 28 U.S.C. § 1332 and § 1446. See *Lowery v. Alabama Power Co.*, 483 F.3d 1184 (11th Cir. 2007).

### D. TIMELINESS

24. The removal is filed within thirty (30) days from when Carrabba's was served with the Summons and Complaint and is therefore timely. 28 U.S.C. § 1446(b).

### E. CONCLUSION

25. Defendant satisfied all procedural requirements with respect to timing, diversity of citizenship and amount in controversy and removal is proper. 28 U.S.C. §§ 1332, 1441, and 1446.

WHEREFORE, PREMISES CONSIDERED, Defendant prays the filing of this Notice of Removal, the filing of written notice to Plaintiff, and the filing of a copy of this Notice of Removal with the Clerk of the Circuit Court of Madison County, Alabama, shall justify removal of said suit to this Honorable Court. Respectfully submitted this the 14th day of August, 2017.

        /s/ Glenn E. Ireland
        GLENN E. IRELAND  (ASB-4158-e51g)
        VIRGINIA F. GAMBACURTA (ASB-2046-i71f)
        Attorneys for Defendant

**OF COUNSEL:**

**CARR ALLISON**
100 Vestavia Parkway
Birmingham, Alabama 35216
Telephone: (205) 822-2006
Facsimile:  (205) 822-2057
Email:  cireland@carrallison.com
       vgambacurta@carrallison.com


## CERTIFICATE OF SERVICE

    I hereby certify that on the 14th day of August, 2017, I have served a copy of the above and foregoing on counsel for all parties by:

      _____ Facsimile transmission;
      _____ Hand Delivery;
      _____ Placing a copy of same in the United States Mail, properly addressed and first class postage prepaid to; and/or
      __XX__ Using the Alafile or CM/ECF system which will send notifications of such to the following:


Michael E. Auffenorde, Esq.
Michael E. Auffenorde, P.C.
2409 Commerce Court, Suite B
Huntsville, Alabama  35801
aalaw@bellsouth.net

        /s/ Glenn E. Ireland
        OF COUNSEL